IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAMIE E. FEIMSTER as Administrator of the Estate of Patsy J. Robinson,<br><br>    Plaintiff,<br>  v.<br><br>CAROLYN WRIGHT, IRENE WRIGHT, and BANK OF AMERICA, N.A.,<br><br>    Defendants. | CASE NO. 5:10-CV-03330-EJD<br><br>**ORDER GRANTING BANK OF AMERICA'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>[Re: Docket Item No. 35] |

Presently before the court is the motion of Bank of America, N.A. ("Bank of America") for judgment on the pleadings. The motion was taken under submission without oral argument pursuant to Civil L.R. 7-1(b). For the reasons set forth below, Bank of America's motion is granted.

**I. BACKGROUND**

Patsy J. Robinson died intestate on January 7, 2006. Compl. ¶¶ 6–7. She was survived by nieces and nephews, including Plaintiff Mamie E. Feimster and Defendant Carolyn Wright. Id. At the time of Robinson's death, she had six accounts at Bank of America's Northridge Center, Salinas, California branch which held $248,000 altogether. Id. On May 31, 2006, Feimster was named the administrator of the decedent's estate. Id. ¶ 9.

On January 19, 2010, while preparing to distribute the funds from the decedent's accounts at Bank of America, Feimster discovered that the bank had closed three of the accounts containing

1
CASE NO. 5:10-CV-03330-EJD
ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS

about $239,000 on January 17, 2006—four years earlier—and had distributed the funds to Carolyn Wright. Id. ¶ 10. Upon Feimster's request, the bank investigated the disbursement. Id. ¶¶ 11–13. In March 2010, the bank informed Feimster that it would assume no responsibility for the disbursement because of the amount of time that had passed. Id. ¶ 13.

Feimster filed the present action in superior court on April 2, 2010, on behalf of Robinson's estate, naming as defendants Bank of America, Carolyn Wright, and Carolyn's daughter, Irene Wright. Bank of America removed the case to this court. Notice of Removal, July 29, 2010, ECF No. 1. In March or April 2011, Herbert Flynn Sr. replaced Mamie Feimster as administrator of Robinson's estate. Notice, April 15, 2011, ECF No. 26. By a stipulation approved by the court, defendants Carolyn and Irene Wright were dismissed from the case without prejudice, and all causes of action against Bank of America except for the breach of contract claim were dismissed with prejudice. Stipulation and Order, June 8, 2011, ECF No. 33.

Bank of America moves for judgment on the pleadings that Plaintiff's breach of contract claim—Plaintiff's sole remaining cause of action in the case—is barred by the applicable statute of limitations.

## II. LEGAL STANDARD

Fed. R. Civ. P. 12(c) authorizes a party to move for judgment on the pleadings after the pleadings are closed. The legal standard to which a complaint is held when challenged by a Rule 12(c) motion is "substantially identical" to the standard to which it would be held on a Rule 12(b)(6) motion. Ross v. U.S. Bank Nat'l Ass'n, 542 F. Supp. 2d 1014, 1023 (N.D. Cal. 2008); accord Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009).

Where the allegations of the complaint indicate that a claim is barred by an applicable statute of limitations, the claim may be dismissed on a motion to dismiss. Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980). Such an issue is therefore also amenable to resolution on a motion for judgment on the pleadings.

/

/

### III. DISCUSSION

The statute of limitations for a breach of contract action in California is four years. Cal. Civ. Proc. Code § 337. A breach of contract action accrues at the time of breach even if the injured party is unaware of the breach or of his right to sue. Neel v. Magana, Olney, Levy, Cathcart & Gelfand, 6 Cal. 3d 176, 187 (1971); Niles v. Louis H. Rapoport & Sons, 53 Cal. App. 2d 644, 651 (Cal. Ct. App. 1942). Because the breach in this case occurred after Robinson died, the parties disagree about whether the limitations period began to run upon the accrual of the cause of action or upon the appointment of an estate administrator.

In California, the statute of limitations for a cause of action which runs in favor of a decedent's estate and accrues after the decedent's death (i.e., does not arise out of an obligation owing during the decedent's lifetime) begins to run when the cause of action accrues, even if at that time the estate has no administrator to bring the claim. Tynan v. Walker, 35 Cal. 634, 644–46 (1868). Plaintiff's attempt to distinguish Tynan reveals a misunderstanding of the case, so a brief discussion is warranted.

In Tynan, the estate administrator was appointed twelve years after the death of the decedent. Upon his appointment, the administrator attempted to bring an ejectment action against Walker, who had taken possession of decedent's land near in time to the decedent's death. At trial, the administrator attempted to prove that Walker had entered the land before decedent's death as a tenant; Walker claimed that he had entered after decedent's death as an adverse possessor. Although the time of entry was disputed, the trial judge instructed the jury that the statute of limitations began to run upon Walker's entry in either case. The administrator appealed, arguing that the limitations period should not have begun to run until the appointment of an administrator if the possessor entered the land after the decedent's death. The California Supreme Court considered the letter, history, and purpose of the statute of limitations and concluded that the trial court's jury instruction was correct: the statute had begun to run when Walker entered the land even if he did so after the death of the decedent. In so holding, the court expressly rejected an English rule that a cause of action requires the existence of a person competent to enforce it. As a practical matter Tynan made recovery of the land impossible, since no administrator was appointed until after the statute of

3
CASE NO. 5:10-CV-03330-EJD
ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS

limitations for ejectment had expired.

In an apparent attempt to obsolete Tynan, Plaintiff cites Mac v. Bank of America, 76 Cal. App. 4th 562 (1999), for the proposition that the statute of limitations does not begin to run until a bank statement revealing the basis for the claim is made available to the potential plaintiff. But the holding in Mac merely applies a general rule—that the statute of limitations begins to run when the cause of action accrues—to a particular statute, Cal. Com. Code § 4406(f). That statute provides that certain causes of action relating to forgery accrue when a statement is "made available" to the consumer. Mac holds that once a consumer dies and her legal interest in the account passes to her estate, those causes of action accrue when the statement is made available to the administrator of the estate. But § 4406(f) is inapplicable to a breach of contract action, and therefore so is Mac.

In the present case, the only alleged basis for the breach of contract claim against Bank of America is the bank's disbursement of funds from the decedent's bank account to Carolyn Wright on January 17, 2006. It is immaterial that no estate administrator was appointed until May 31, 2006. The statute of limitations began to run on January 17, 2006, and expired on January 17, 2010.

Finally, Plaintiff summarily requests that the court exercise its equitable power to toll the statute of limitations. Pl.'s Resp. 5:14–15, July 11, 2011, ECF No. 37. Statutes of limitations exist to provide finality and certainty after an appropriate period of time. The cases cited above strictly apply statutes of limitations despite the impossibility of bringing the action (Tynan) or the ignorance of the action (Neel).

It is apparent that the administrator of the estate could have discovered the breach by a simple inquiry to the bank: Feimster in fact knew of the bank accounts (Compl. ¶ 8) and had a right to receive the statements upon her appointment as administrator. Plaintiff's failure to bring the action was in no way the bank's fault, and the bank will receive no windfall or unjust enrichment as a result of the plaintiff's ignorance of the action. The alleged facts therefore establish that equitable tolling is inappropriate as to this breach of contract action between the estate and the bank.

The action being barred by the statute of limitations, judgment will enter in favor of the bank as to all claims between the estate and the bank. The bank's cross-claims against Carolyn Wright for indemnity are derivative of and conditioned upon the claims between the estate and the bank, so they

4
CASE NO. 5:10-CV-03330-EJD
ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS

are dismissed as moot. The bank's cross-claim against Carolyn Wright for unjust enrichment is dismissed because there is no independent action for unjust enrichment in California. See Melchior v. New Line Productions, Inc., 106 Cal. App. 4th 779, 793 (Cal. Ct. App. 2003).

## IV. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that judgment be entered against Herbert Flynn Sr. as administrator of the estate of Patsy J. Robinson, and in favor of Bank of America, N.A. IT IS FURTHER ORDERED that Bank of America's cross-claims against Carolyn Wright are dismissed. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: March 23, 2012

EDWARD J. DAVILA
United States District Judge